IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VICTOR HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV1020 |
| | ) | |
| DOUGLAS MCCLANAHAN, | ) | |
| individually and in his | ) | |
| personal capacity, | ) | |
| MCCLANAHAN LAW FIRM, PLLC, | ) | |
| R. KEITH SHACKLEFORD, | ) | |
| individually and in his | ) | |
| personal capacity, and | ) | |
| WARREN SHACKLEFORD | ) | |
| ATTORNEYS P.L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

This matter is before the court on a Motion to Dismiss Pursuant to 12(b)(1) and 12(b)(6) filed by Defendants. (Doc. 9.) Plaintiff, proceeding <u>pro se</u>, filed a response and brief in opposition (Docs. 13, 14), and Defendants filed a reply (Doc. 16). This matter is ripe for resolution and, for the reasons stated below, Defendants' motion to dismiss will be granted.

**I.   BACKGROUND**

In June 2012, Plaintiff entered into a Lease Agreement with Option to Purchase for certain property owned by Patricia Chambers ("Chambers") and located in Durham, North Carolina.

(Complaint ("Compl.") (Doc. 1) ¶ 7.) In March 2013, Plaintiff discovered a 2004 survey of the property performed by land surveyor Jason L. Panciera with Cawthorne, Moss & Panciera, P.C. (collectively "Panciera"). (Id. ¶ 9.) Plaintiff hired Panciera to do another survey of the property, which was completed in April 2013. (Id.) In May 2013, Plaintiff and Chambers entered into an Offer to Purchase and Contract Agreement. (Id. ¶ 10.)

In June 2013, Plaintiff received a letter from a Durham County Deputy Attorney stating that the property did not comply with Durham County zoning regulations. (Id. ¶ 11.) Thereafter, Plaintiff terminated the purchase agreement because Chambers could not convey the property with clear and marketable title. (Id. ¶ 13.) Chambers refused to refund Plaintiff's $4,000 purchase option fee and threatened to evict Plaintiff. (Id.) On July 16, 2013, Plaintiff brought suit in the Durham County Superior Court, case number 13 CVS 3675, against Chambers, Panciera, and Steve N. Mattocks and Mattocks Enterprises, Inc. ("Mattocks") alleging fraud, unfair and deceptive trade practices, and civil conspiracy (the "State Action"). (Id. ¶¶ 14-15.) In the State Action, Mattocks hired Defendants Douglas McClanahan and McClanahan Law Firm, PLLC (collectively "McClanahan"), and Panciera hired Defendants R. Keith Shackleford and Warren Shackleford Attorneys P.L.L.C.

(collectively "Shackleford") (Defs.' Br. in Supp. of Mot. to Dismiss ("Defs.' Br.") (Doc. 10) at 2.) Defendants brought motions for summary judgment on behalf of their respective clients. (Id.)

On December 11, 2014, a hearing on Defendants' motions for summary judgment in the State Action was held in the Superior Court of Durham County. (Compl. (Doc. 1) ¶ 15.) McClanahan presented evidence and oral argument on behalf of their clients Mattocks and Shackleford presented evidence and oral argument on behalf of their client Panciera. (Id.) On December 15, 2014, Defendants' summary judgment motions were granted and all claims brought against Defendants' clients were dismissed. (Id. ¶ 16.)

In January 2015, Plaintiff appealed the Superior Court's order granting summary judgment to the North Carolina Court of Appeals. (Id. ¶¶ 17-18.) The North Carolina Court of Appeals affirmed the lower court's order stating that Plaintiff "failed to forecast any evidence showing that [the defendants] misrepresented or concealed anything from him, that they had any intent to deceive, or that [Plaintiff] relied on any alleged misrepresentations to his detriment." (Id. ¶ 19; Howard v. Chambers, No. COA15-590, 2016 WL 409697, *1 (N.C. Ct. App. Feb. 2, 2016), appeal dismissed, ____ N.C. ____, 787 S.E.2d 38 (2016).) The Court of Appeals further found "no indication in

the record that counsel for [the defendants] misstated anything to the trial court and certainly nothing so improper that it amounted to a constitutional violation." Howard, 2016 WL 409697 at *3.

Plaintiff then filed this action on August 1, 2016. Plaintiff alleges that at the summary judgment hearing, Defendants "committed fraud upon the North Carolina Superior Court through multiple misleading statements, misrepresentations, and concealment of facts," which caused damage to Plaintiff. (Compl. (Doc. 1) ¶ 21; id. at 7-13.) Plaintiff alleges that Defendants "worked together in a prearranged scheme to mislead the court" regarding the actions of their clients. (Id. at 13.) Plaintiff further alleges that his constitutional rights were violated and he was damaged because of Defendants' fraud upon the court pursuant to 42 U.S.C. § 1983. (Id. ¶¶ 23-28.) Plaintiff seeks the enforcement of his civil rights, damages, "injunctive relief from all existing and any future damages", and for this court to order that the State Action decision and the North Carolina Court of Appeals decision "be set aside and made of no effect." (Id. at 17.)

## II. **LEGAL STANDARD**

Once a defendant raises a court's potential lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), a plaintiff bears the burden of proving that the court has authority to proceed. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The court must determine whether it has subject matter jurisdiction over an action before proceeding any further. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005). When assessing a challenge to subject matter jurisdiction, the court may look beyond the face of the complaint and consider other evidence outside the pleadings without converting the motion into one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A court should dismiss for lack of federal subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citation omitted). Should the court conclude that it lacks subject matter

jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. **ANALYSIS**

Defendants argue that this court lacks subject matter jurisdiction over this action under the Rooker-Feldman doctrine. (Defs.' Br. (Doc. 10) at 6-9.) The presence of subject matter jurisdiction is a threshold issue that this court must determine before the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). The Rooker-Feldman doctrine is a jurisdictional doctrine that prohibits federal district courts from reviewing or overturning certain state-court decisions. See Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "Under the Rooker-Feldman doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). More specifically, the Rooker-Feldman doctrine prevents a federal court from passing upon the merits of a state-court decision, determining that a state-court judgment was erroneously entered, or taking action that would render a

state-court judgment ineffectual. Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997).

The Supreme Court has limited the scope of the doctrine "to cases of the kind from which [the doctrine] acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see Lance v. Dennis, 546 U.S. 459 (2006). The Exxon holding requires this court "to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006). "A claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court – asks the federal district court to conduct an appellate review of the state-court decision." Id. at 719. Federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. See Exxon, 544 U.S. at 291 (citing 28 U.S.C. § 1257). Similarly, a litigant "may not escape the jurisdictional bar of Rooker-Feldman by merely refashioning its attack on the state court judgments as a

§ 1983 claim." Jordahl, 122 F.3d at 202-03 (citing Leonard v. Suthard, 927 F.2d 168, 169-70 (4th Cir. 1991) for the proposition that "where plaintiffs' claims are 'inextricably intertwined' with the merits of a state court decision, then the district court is being asked to review the state court decision, a result prohibited under Rooker–Feldman").

Here, Plaintiff alleges in count one that he was damaged by Defendants' fraud upon the state court when Defendants "misled the court into believing there were no material, genuine issues in controversy." (Compl. (Doc. 1) at 6-7.) Plaintiff seeks damages as a result of Defendants intentionally concealing material facts and knowingly making false statements that misled the state court into entering summary judgment in the state defendants' favor. (Id. at 13-14.) In count two, Plaintiff makes claims under 42 U.S.C. § 1983 stating that Defendants' fraud upon the court, and the ultimate dismissal of his case following that fraud, deprived him of his constitutional rights. (Id. at 14-15.)

Plaintiff does not allege an injury independent from the State Action nor does he challenge the constitutionality of the state-court process. Rather, he claims Defendants abused the state-court adjudicatory process causing the state court to decline to hear his evidence or grant him a jury trial. He now

seeks to vacate the state-court order and obtain an injunction against existing damages, essentially "seek[ing] redress for an injury caused by the state-court decision." See Davani, 434 F.3d at 718; see also Moore v. Idealease of Wilmington, 465 F. Supp. 2d 484, 490 (E.D.N.C. 2006).

Plaintiff argues that he raised an independent claim because he sued the state-court defendants' attorneys for fraud upon the state court and not the state-court defendants themselves. (Pl.'s Br. (Doc. 14) at 8.) Although the Rooker-Feldman doctrine "may not be invoked against a federal-court plaintiff who was not actually a party to the prior state-court judgment", Lance, 546 U.S. at 465, it does not necessarily follow that a federal-court defendant who was not a state-court party cannot challenge a state-court loser who in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. See Glatzer v. Barone, 614 F. Supp. 2d 450, 468 (S.D.N.Y. 2009), aff'd, 394 F. App'x 763 (2d Cir. 2010) ("A rule requiring exact identity of parties, moreover, would enable the losing state court litigant to avoid the application of Rooker-Feldman in the subsequent federal proceedings simply by means of 'clever pleading,' such as adding or subtracting a plaintiff or a defendant, purposely for tactical reasons.").

Plaintiff also argues that his claim is based on violations of his constitutional rights by Defendants when they obtained the state-court judgment by fraud upon the court, not on the state-court judgment itself. (Pl.'s Br. (Doc. 14) at 8.) This argument is without merit. To the extent Plaintiff seeks redress for the alleged fraudulent acts of Defendants as the attorneys for the state-court defendants, such relief is so "inextricably intertwined" with the state-court decision that it would require this court to reweigh the evidence and credibility of the parties and their counsel in the State Action and reconsider whether the state-court decision was proper. See Davani, 434 F.3d at 719; see also Jordahl, 122 F.3d at 203 (holding § 1983 claims were "inextricably intertwined" with the state court decisions). A ruling by this court as requested by Plaintiff would necessarily require this court to find that the state court wrongly decided certain issues before it and improperly entered orders against Plaintiff. The relief requested, injunctive relief from existing damages and orders dismissing the state-court decisions, "leaves little doubt that [Plaintiff] want[s] the district court to reverse the state court's judgment." Willner v. Frey, 243 F. App'x 744, 746–47 (4th Cir. 2007) (unpublished) (affirming dismissal of suit challenging state-court judgment in adverse possession litigation under

Rooker-Feldman doctrine). Even if this court awarded only damages to Plaintiff, this would, as a practical matter, directly nullify the order of the state court.

"Plaintiff's proper course, however, is to attack the state-court judgment through the North Carolina appellate system and ultimately to the U.S. Supreme Court." Moore, 465 F. Supp. 2d at 490 (citing Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000), and Jordahl, 122 F.3d at 202). Plaintiff did appeal the decision to the North Carolina Court of Appeals. However, Plaintiff also seeks this court to overturn the North Carolina Court of Appeals' decision, which affirmed the lower court's order and further found that there was no indication that Defendants misstated anything to the trial court nor acted in a way that amounted to a constitutional violation. Following the state appellate decision, Plaintiff also petitioned for review to the North Carolina Supreme Court. (Defs.' Br., Ex. B (Doc. 10-2).) The Court, upon consideration, dismissed the notice of appeal. (Id., Ex. C (Doc. 10-3).) In sum, whether Plaintiff seeks injunctions or an award of damages, Plaintiff, as the state-court loser, seeks federal court review of the validity of the state trial court and appellate court decisions, a review which this court is not empowered to undertake. See Jordahl, 122 F.3d at 202-203; see also Moore, 465

F. Supp. 2d 484 (2006) (holding the Rooker–Feldman doctrine barred civil rights action seeking to set aside state-court judgment as violative of the plaintiff's civil and constitutional rights).

For these reasons, this court concludes that all claims against Defendants are barred by the Rooker–Feldman doctrine. The relief sought by Plaintiff could not be granted by this court without rendering ineffectual the state trial court and appellate court decisions. Therefore, all claims against Defendants will be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** and that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 20th day of April, 2017.

_____
United States District Judge